People v Gonzalez (2021 NY Slip Op 03287)





People v Gonzalez


2021 NY Slip Op 03287


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Ind No. 3796/16 3796/16 Appeal No. 13904 Case No. 2018-03502 

[*1]The People of the State of New York, Respondent,
v
Gerard Gonzalez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ellen Dille of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered January 3, 2018, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of five years, unanimously affirmed.
The court properly admitted, as nonhearsay, statements made by bystanders to two police officers, when the officers responded to the scene of the assault. The statements provided relevant background information regarding police conduct in pursuing defendant into the subway (see Tennessee v Street, 471 US 409, 414 [1985]; People v Garcia, 25 NY3d 77, 86 [2015]). To the extent any parts of the statements were not necessary for this purpose, any error was harmless in light of the minor significance of these portions of the statements and the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). Defendant's argument that the court failed to give an appropriate limiting instruction in this regard is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the omission was also harmless.
The portions of the prosecutor's summation to which defendant specifically objected were fair responses to the defense summation and do not warrant reversal. Defendant did not preserve any of his other challenges to the prosecutor's summation or opening statement, and we decline to review them in the interest of justice. As an alternative holding, we likewise find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021